**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) | 18-CV- Judge: Magistrate Judge: |
| Plaintiffs, v. | ) ) ) ) | |
| ASHLAUR CONSTRUCTION COMPANY, INC., an Illinois Corporation, and ZOLLIE CARRADINE, Individually, | ) ) ) ) ) | |
| Defendants. | ) | |

**COMPLAINT**

Plaintiffs, TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUND, AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUND, by their attorneys, Donald D. Schwartz, James R. Anderson, Andrew S. Pigott, and ARNOLD AND KADJAN

LLP, complain against Defendants **ASHLAUR CONSTRUCTION COMPANY, INC.**, an Illinois corporation, and **ZOLLIE CARRADINE**, Individually, as follows:

## COUNT I

### Jurisdiction and Venue

1.    Jurisdiction of this cause is based on Section 502 of the Employee Retirement Security Act of 1974, 29 U.S.C. Section 1132, 1145 ("ERISA"), as amended.

2.    The Northern District of Illinois is the proper venue pursuant to 29 U.S.C. Section 1132(e)(2) as the Plaintiffs Funds are administered here in this judicial district.

### The Parties

3.    The Plaintiffs are the TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS PENSION FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS WELFARE FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS DEFERRED SAVINGS FUND; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS APPRENTICESHIP FUNDS; TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS SCHOLARSHIP FUNDS; AND TRUSTEES OF THE CHICAGO PAINTERS AND DECORATORS JOINT COOPERATION TRUST FUNDS ("the Funds"), and have standing to sue pursuant to 29 U.S.C. Section 1132(d)(1).

4.    The Funds have been established pursuant to collective bargaining agreements previously entered into between the Painters District Council #14 and its affiliated locals (the "Union") and certain employer associations whose employees are or were covered by one or more collective bargaining agreements with the Union.

5.    The Funds are maintained and administered in accordance with and pursuant to the provisions of the National Labor Relations Act, 29 U.S.C. Section 186, *et seq.*, as amended,

ERISA, 29 U.S.C. Section 1001, *et seq.*, and also pursuant to the terms and provisions of the collective bargaining agreements and Declarations of Trust ("Trust Agreement") which established the Funds.

6. Defendant **ASHLAUR CONSTRUCTION COMPANY, INC. ("ASHLAUR")**, an Illinois corporation, is an employer engaged in an industry affecting commerce which entered into a collective bargaining agreements ("Labor Agreement") with the Union on or about February 5, 2002 whereby **ASHLAUR** agreed to be bound by the provisions of the Labor Agreement and any subsequent agreements negotiated between the Union and certain employer associations. A copy of the Labor Agreement is attached as "Exhibit A."

## The Agreements

7. Pursuant to the provisions of the Labor Agreement, **ASHLAUR** is bound to the Trust Agreements and is required to make periodic contributions to the Funds for each hour worked by its bargaining unit employees working within the occupational and jurisdictional scope described therein at the rate and in the manner specified by the Labor Agreement and the Trust Agreements. In addition, **ASHLAUR** is required to make contributions to the Funds measured by hours worked by subcontractors performing painters' or tapers' work who fail to make contributions to the Funds.

8. Under the terms of the Labor Agreement and Trust Agreement to which it is bound, **ASHLAUR** is required to submit all necessary books and records to Plaintiffs' auditor for the purpose of determining whether or not **ASHLAUR** is in compliance with its obligation to contribute to the Funds. In addition, the Labor Agreement and the Trust Agreements require **ASHLAUR** to pay liquidated damages, interest, auditors' fees, and all attorneys' fees and court costs incurred by the Funds in the collection process.

**The Claim**

9.      **ASHLAUR** has breached the provision of the Labor Agreement and Trust Agreements by failing to submit all of the required monthly reports and contributions for the period from **March 2018 through the present**.

10.     Pursuant to the provisions of the Labor Agreement and Trust Agreements, **ASHLAUR** is required to pay liquidated damages, auditor fees and all attorneys' fees and court costs incurred by the Funds in the collection process.

11.     Plaintiffs have complied with all conditions precedent in bringing this suit.

12.     Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **ASHLAUR**.

13.     **ASHLAUR** is obligated to pay the attorneys' fees and court costs incurred by the Plaintiffs pursuant to the Labor Agreement, the Trust Agreements and 29 U.S.C. Section 1132(g)(D).

14.     Pursuant to 29 U.S.C. Section 1132(g)(2)(C), Plaintiffs are entitled to an amount equal to the greater of:

> (i)      interest on the unpaid contributions; or
>
> (ii)     liquidated damages provided for under the Trust Agreements not in excess of 20% of the amount that is due.

**WHEREFORE,** Plaintiffs pray for relief as follows:

A.      **ASHLAUR** be ordered to produce its books and records for a fringe benefit contribution compliance audit for the period from **July 1, 2014 through the present**;

B.      Judgment be entered against **ASHLAUR** and in favor of Plaintiffs, in the amount shown to be due under the audit;

C.      That Plaintiffs be awarded their costs herein, including audit costs, interest, reasonable attorneys' fees and court costs incurred in the prosecution of this action, together with liquidated damages in the amount of 20%, all as provided in the Labor Agreement, Trust Agreements, and 29 U.S.C. Section 1132(g); and

D.      Such other and further relief as the Court deems appropriate.

## COUNT II

### Jurisdiction and Venue

15.      Plaintiffs restate paragraphs 1 through 14 of Count I as and for paragraph 15 of this Count II.

16.      Jurisdiction of this Count is also based on the federal common law governing interpretation of contracts in the context of ERISA.

17.      Pursuant to the provisions of the Labor Agreement and Trust Agreements to which **ASHLAUR** is bound, signatory employers such as **ASHLAUR** are required to pay monthly contributions in accordance with the due dates set forth in the Agreements. The failure to timely pay monthly contributions triggers liquidated damages in the amount set forth in the aforementioned agreements.

### The Claim

18.      **ASHLAUR** has breached the provisions of the Labor Agreement and Trust Agreements by failing to pay liquidated damages on tardily paid monthly reports for certain work months within the period from July 1, 2014 through the present in an amount not presently ascertainable but which, on information and belief exceeds $96,734.71.

19.      Plaintiffs have been required to employ the undersigned attorneys to collect the monies that may be found to be due and owing from **ASHLAUR.**

5

**Relief Sought**

WHEREFORE, Plaintiffs pray for relief as follows:

A.      That ASHLAUR be ordered to produce its books and records for an accounting of tardily paid reports;

B.      That judgment be entered in favor of Plaintiffs and against **ASHLAUR** in the amount of the unpaid liquidated damages on tardily paid contribution reports;

C.      That Plaintiffs be awarded their costs herein, including reasonable attorneys' fees and court costs incurred in the prosecution of this action.

D.      That this Court retain jurisdiction of this matter to supervise enforcement of any resulting money judgment and further supplementary proceedings against **ASHLAUR ,** and

E.      That this Court grant such other and further relief as may be appropriate under the circumstances.

**COUNT III**

20.     Plaintiffs restate paragraphs 1 through 19 as if more fully stated herein.

21.     Upon information and belief, Defendant **ZOLLIE CARRADINE** was, at all relevant times, president of **ASHLAUR**.

22.     Upon information and belief, Defendant **ZOLLIE CARRADINE** is an individual who resides in this judicial district.

23.     Article 15, Section 1 of the Labor Agreement requires signatory employers to provide a bond for the payment of wages and fringe benefit fund contributions.

24.     Article 15, Section 1 of the Agreement further provides that in the event an employer fails for any reason to satisfy the bonding requirement, the Employer shall be personally liable for wages, dues/assessments, and fringe benefits to the Funds in the amount of Thirty Thousand

Dollars ($30,000.00), plus all unpaid amounts owed in excess of that sum which are due by that Employer. In the event that an employer is a corporation, liability is imposed not only upon the employer but also upon each individual official of that Employer entity empowered to execute agreements on its behalf, or to designate the persons empowered to do so.

25.     Upon information and belief, **ASHLAUR** has breached the provisions of the Labor Agreement by failing to provide bonds for the period from July 1, 2014 through April 1, 2018.

26.     As a result of the breach, **ASHLAUR**'s corporate president, **ZOLLIE CARRADINE** is personally liable to the Funds in the amount of Thirty Thousand Dollars ($30,000.00), plus all unpaid amounts in excess of that sum which are owed by the Employer.

WHEREFORE, Plaintiffs pray that this Court grant the following relief:

A.     That this Court enter judgment in favor of Plaintiffs and against the defendants **ASHLAUR** and **ZOLLIE CARRADINE** in the amount of at least $30,000.00, plus any additional   shall include all amounts owed by the Employer for contributions, liquidated damages, interest, and reasonable attorneys' fees and court costs, all as provided by the Labor Agreement, and the applicable provisions of ERISA.

Respectfully submitted,

TRUSTEES OF THE CHICAGO PAINTERS
AND DECORATORS PENSION FUND et al,


By:     S/James R. Anderson
        One of their Attorneys

DONALD D. SCHWARTZ
JAMES R. ANDERSON
ANDREW S. PIGOTT
ARNOLD AND KADJAN LLP
35 E. Wacker Drive, Suite 600
(312) 236-0415